UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


TRAEGER GRILLS EAST, LLC,                          Civ. No. 3:11-CV-536-AC

            Plaintiff,                              OPINION AND ORDER

     v.

TRAEGER PELLET GRILLS, LLC, a Florida
limited liability company, f/k/a TRAEGER
INDUSTRIES, INC.,

            Defendant.

ACOSTA, Magistrate Judge:

*Introduction*

    Before the court is the motion to remand filed by plaintiff Traeger Grills East ("Plaintiff")

pursuant to 28 U.S.C. § 1447(c), seeking remand to state court and recovery of costs, including

attorney fees, arising from removal by defendant Traeger Pellet Grills, LLC ("Defendant").  (Pl.'s

OPINION AND ORDER                         1                          {NMS}

Mot. to Remand ("Motion to Remand").) Both parties agree that the basis for federal jurisdiction in this matter is diversity. The parties agree the amount-in-controversy requirement is fulfilled but disagree as to whether the parties are completely diverse. For the reasons set forth below, the court grants Plaintiff's Motion to Remand and approves Plaintiff's request for costs, including attorney fees.[1]

*Factual Background*

On March 31, 2011, Plaintiff filed a complaint ("Complaint") for breach of contract in state court seeking over $1,000,000 in damages against Defendant, alleging that Defendant breached an authorized distributor agreement which provided that Plaintiff was to be the exclusive distributor of Defendant's products in eight eastern states and the District of Columbia. (Compl. ¶¶ 3-7.) Defendant timely filed a notice of removal in this court on May 2, 2011, asserting jurisdiction under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. (Def.'s Notice of Removal ("Notice") at 1.) In response, Plaintiff filed a Motion to Remand on June 1, 2011. In Defendant's answer to the Complaint, Defendant brought counterclaims against Plaintiff for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051-1117. (Def.'s Answer and Countercl. ("Answer") ¶¶ 7-8.)

Plaintiff is a Maryland limited liability company ("LLC") with its principal place of business in Maryland, and Plaintiff's members include citizens of Maryland and Idaho. (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. to Remand ("Pl.'s Mem. in Supp.") at 3-4.) Defendant is a Florida LLC with its principal place of business in Oregon. (Answer ¶ 2.) The members of Defendant are two Delaware LLCs, one Missouri limited partnership, and one Delaware limited partnership. (Barish

---

[1] The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 631(c)(1).

Decl. ¶¶ 3-4 (explaining that Defendant's Notice inaccurately stated Defendant's membership).) The two Delaware LLCs are Traeger Partners, LLC, and Traeger Pellet Grills Delaware, LLC. (Barish Decl. ¶ 3.) Defendant's declaration indicates that the members of the two Delaware LLCs are citizens of California, New York, Texas, and Virginia. (Barish Decl. ¶ 5.) Defendant's Missouri limited partnership is Eagle Fund I, LP ("Eagle Fund"), which has twenty-five partners, composed of four individuals, four LLCs, nine trusts, five corporations, two partnerships, and one charitable foundation. (Fesler Decls. ¶ 3.) Defendant filed declarations indicating that none of the Eagle Fund members are citizens of Oregon, Maryland, or Idaho "[b]ased on the information provided to us." (Fesler Decls. ¶ 4.) Similarly, Defendant's Delaware limited partnership is C3 Capital Partners ("C3"), which has forty-six partners, composed of twenty-eight individuals, ten LLCs, and eight partnerships. (Healy Decl. ¶¶ 2-3.) Defendant's declaration regarding C3 states "[t]o my knowledge, none of the members of the LLCs and partnerships comprising the partners of C3 are Oregon citizens, Maryland citizens, or Idaho citizens." (Healy Decl. ¶ 5.) However, Defendant did not identify the citizenship of either its Eagle Fund or C3 members.

Plaintiff alleges that Defendant's filing of the Notice was improper because Defendant did not meet its burden to show that complete diversity exists between the parties. (Motion to Remand at 2.) Plaintiff alleges that Defendant failed to establish that it is not a citizen of Idaho, Maryland, or Oregon, as required under §§ 1332(a)(1) and 1441(b). (Pl.'s Mem. in Supp. at 3-4.) Specifically, Plaintiff argues Defendant alleged in conclusory fashion that there is complete diversity between the parties and failed to disclose the citizenship of the members, partners, corporations, trusts, LLCs, and partnerships of which Defendant is composed. (Pl.'s Mem. in Supp. at 2-3.)

OPINION AND ORDER                    3                    {NMS}

*Legal Standard*

Section 1332(a) of Title 28 authorizes district courts to exercise original jurisdiction over civil actions in diversity only when the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a) (2006). This statutory conferral of federal jurisdiction "requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). In cases where entities, rather than individuals, are parties, assessing the form of the entity is necessary to determine the entity's citizenship and, thus, whether diversity jurisdiction exists. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For purposes of diversity jurisdiction, corporations are citizens of both their state of incorporation and the state of their principal place of business. *Id.* However, the citizenship of LLCs, partnerships, and trusts includes all of the states of which its owners, members, partners, and trustees are citizens. *Id.*

A defendant sued in state court may qualify to remove the matter to federal court. Section 1441 of Title 28 provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (2006). A defendant's removal can be based on either diversity or federal question jurisdiction. 28 U.S.C. § 1441(b) (2006).

The removal statute is strictly construed by the courts, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

OPINION AND ORDER                    4                    {NMS}

instance." *Id.* There is a strong presumption against removal jurisdiction, and the burden of establishing proper removal lies with the defendant. *Id.* When a plaintiff believes that an action has been improperly removed to federal court, a motion to remand is appropriate. Section 1447(c) provides: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2006).

*Discussion*

I.    Motion to Remand

      Plaintiff seeks a remand of the actions to state court or, in the alternative, an order requiring Defendant to identify all states of which it is a citizen. The court grants Plaintiff's Motion to Remand based on Defendant's failure to meet its burden for removal. Defendant filed its Notice in district court without determining the citizenship of two of its four members, Eagle Fund and C3. This is made clear by Defendant's motion for an extension of time in which it seeks leave to amend its Notice "because additional time is needed to determine the citizenship of defendant's members and partners." (Def.'s Mem. in Supp. of Mot. to Extend Time to Respond to Pl.'s Mot. to Remand at 2.)

      In *Johnson*, the Ninth Circuit evaluated the treatment of LLCs for diversity jurisdiction purposes and joined the Fourth, Seventh, Eighth, and Eleventh Circuits, all of the Circuits in the country that have decided this issue, in holding that LLCs are citizens of all states its members are citizens. *Johnson*, 437 F.3d at 899. In its analysis of subject matter jurisdiction based on diversity, the court evaluated the citizenship of the defendant's limited partnership partners, which were two Ohio LLCs. *Id.* at 896. The court then considered the citizenship of the three members of the two Ohio LLCs: a Kentucky corporation with its principal place of business in Kentucky, an Ohio

corporation with its principal place of business in Kentucky, and a Delaware trust whose sole trustee was a bank incorporated in Delaware with its principal place of business in Minnesota. *Id.* at 899. The *Johnson* court analyzed the state citizenship of each component member of the defendant's entity, suggesting that the Ninth Circuit expects courts sitting in diversity to evaluate whether a defendant has discharged its burden for removal by looking at the layers of citizenship of each LLC member. The plaintiff in *Johnson* did not have evidence to contradict the defendant's evidence of diverse citizenship, suggesting that the affirmative nature of defendant's pleading serves in part to give plaintiff opportunity to investigate the veracity of defendant's claims. *Id.* at 899-900. The Ninth Circuit concluded that the defendant established complete diversity because the defendant affirmatively pled the LLC members's states of citizenship. *Id.* at 900.

The Ninth Circuit recently expounded its holding in *Johnson* to articulate more clearly the specificity required to establish the citizenship of partnerships and limited liability companies. *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, No. 09-35643, 2011 WL 398861, at *2 (9th Cir. Feb. 8, 2011). The plaintiff in *Lindley Contours* brought an action against defendants, and the defendants removed to federal court on the basis of diversity jurisdiction. *Id.* The plaintiff was an Oregon citizen, and the defendants asserted that "none of its members is an Oregon citizen" without affirmatively identifying their citizenship or whether additional layers of partnerships existed. *Id.* The court concluded that the defendants' conclusory statements were not sufficient to meet the defendants' burden of removal. *Id.*; *see, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (holding that defendant's failure to cite plaintiff's citizenship, which was not identified in the complaint, is fatal to defendant's assertion of diversity and removal); *Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (remanding a case because neither complaint nor

removal petition identified citizenship of either defendant or plaintiff); *Wenger v. Western Reserve Life Assurance Co.*, 570 F. Supp. 8, 10 (M.D. Tenn. 1983) (remanding a case because both complaint and removal petition failed to allege specific facts supporting diversity jurisdiction); *Estate of Fitzpatrick v. Brehm*, 580 F. Supp. 731, 734 (W.D. Ark. 1984) (remanding a case to state court because no pleadings identified the citizenship of either parties). The court remanded the case to the district court with instructions to vacate all of its orders and to remand the case to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a), based on defendants' failure to "identify of what state they are a citizen . . . [and] whether they are composed of another layer of partnerships." *Id.*

The facts from *Lindley Contours* are nearly identical to the facts in this case. Both the Defendant and *Lindley Contours* defendants failed to affirmatively state the citizenship of their LLC and limited partnership members; thus, both defendants failed to satisfy their burden of complete diversity. Both the Defendant and *Lindley Contours* defendants made statements to the effect that it is not composed of citizens from the state or states that would destroy diversity, which the Ninth Circuit found to be "conclusory statements" that were "insufficient" to meet the defendants's "burden to establish complete diversity" in *Lindley Contours. Id.* Just as the district court in *Lindley Contours* did not have subject matter jurisdiction over that action, subject matter jurisdiction in this court has likewise not been established.

Defendant asserted at oral argument that the Ninth Circuit, in deciding *Johnson,* did not contemplate the effects of the *Johnson* holding on complex non-corporate entities like Defendant. This argument is unpersuasive. Assuming, arguendo, that the *Johnson* holding does not go as far as requiring a defendant to affirmatively plead the citizenship of all of an LLCs members, this court's

OPINION AND ORDER                    7                    {NMS}

local rules clearly require thorough disclosure of all non-corporate entity defendants when

jurisdiction is based on diversity. LR 7.1-1. LR 7.1-1, adopted December 1, 2009, reads:

> [i]n diversity actions, any party that is a limited liability corporation (L.L.C.), a
> limited liability partnership (L.L.P.), or a partnership must, in the disclosure
> statement required by Fed. R. Civ. P. 7.1, *list those states* from which the
> owners/members/partners of the L.L.C., L.L.P., or partnership are citizens. If any
> owner/member/partner of the L.L.C., L.L.P., or partnership is another L.L.C., L.L.P.,
> or partnership, then the disclosure statement must *also list those states* from which
> the owners/members/partners of the L.L.C., L.L.P., or partnership are citizens.

*Id.* (emphasis added). The District of Oregon clearly contemplated the precise issue of complex non-

corporate entities in its adoption of LR 7.1-1 by discussing multiple layers of LLC structure and

requiring an affirmative declaration of all members' states of citizenship. *Id.* Interestingly, LR 7.1-1

includes "practice tips" that refers to the *Johnson* holding regarding LLC citizenship, suggesting that

the District of Oregon's addition of LR 7.1-1 was an attempt to codify *Johnson*.

In addition, § 1446(b) outlines the statutory time constraints for defendants' filing of notice

of removals:

> The notice of removal of a civil action or proceeding shall be filed *within
> thirty days* after the receipt by the defendant, through service or otherwise, of a copy
> of the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based . . . .

> If the case stated by the initial pleading is not removable, a notice of removal
> may be filed *within thirty days* after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable, except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b) (2006) (emphasis added). Congress intended to provided defendants with a

thirty-day period to determine their ability to remove in instances where removal is both obvious and

not obvious from the initial pleading. *See id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694

OPINION AND ORDER                              8                                    {NMS}

(9th Cir. 2005) (citing *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)) (explaining that where an initial pleading does not reveal a basis for removal and is not removable under the second part of § 1446(b), "the defendant will have thirty days from the revelation of grounds for removal . . . to file its notice of removal."); *Queen Victoria Corp. v. Ins. Specialists of Haw., Inc.*, 694 F. Supp. 1480, 1484 (D. Haw. 1988) (concluding that a request for leave to amend a removal petition to cure defective jurisdictional allegations after the thirty day statutory period is untimely). The language of § 1446(b) is plain and reveals a statutory scheme whereby defendants are entitled to no more than thirty days to decide whether to remove, and § 1446(b) does not take into consideration the complexity of defendant's structure in seeking removal.

Further, for removability purposes, "[a defendant] is presumed to know its own citizenship; indeed, it is in the best position to know it." *Cretian v. Job1USA, Inc.*, No. 09-770, 2009 WL 4841039, at *3 (D. Or. Dec. 11, 2009). "[C]ourts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship, without delving into the prohibited area of a defendant's subjective knowledge." *KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074, 2008 WL 4938281, at *4 (N.D. Cal. Nov. 17, 2008). Because a defendant is presumed to know its own citizenship and common sense dictates that the defendant is in the best position to determine citizenship,[2] Defendant's request for more than thirty days to determine its own citizenship is inconsistent with Congress's strict thirty-day limitation for removal as outlined in § 1446(b).

---

[2] There is potential for abuse without this presumption in place: a company could purposefully organize itself as a complex LLC with many layers of members, so, in the event of a lawsuit, defendant-company could delay litigation based on removal due to diversity jurisdiction with motions for time extensions to investigate its layers of citizenship.

OPINION AND ORDER                    9                    {NMS}

In its response, Defendant seeks leave to file an amended notice of removal if the court finds its filed Notice deficient. The court denies Defendant's request pursuant to *Gaus*, which holds that the removal statute is strictly construed, and the "strong presumption" against removal is a burden that always lies with the defendant. *Gaus*, 980 F.2d at 566 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). The court declines to grant Defendant leave to amend in a case in which the limited jurisdiction of the federal courts has not been established. Thus, Defendant's failure to meet its burden for removal requires this court to remand this case to state court under *Gaus* and 28 U.S.C. § 1447(c) because Defendant failed to establish subject matter jurisdiction in this court.

Finally, the court must discuss the Defendant's counterclaim against Plaintiff. Plaintiff erroneously asserted that Defendant's trademark infringement case was subject to exclusive federal jurisdiction. (Pl.'s Resp. to Def.'s Mot. to Extend Time to Respond to Pl.'s Mot. to Remand at 3.) Defendant's trademark infringement counterclaim may proceed in state court pursuant to concurrent jurisdiction because remedies under the Lanham Act are not limited exclusively to federal courts. *See* 15 U.S.C. § 1116 (providing that claims may be asserted in "[t]he several courts vested with jurisdiction of civil actions . . . to prevent the violation of any right of the registrant of a mark . . . ."); 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:1 (4th ed. 1996) ("[I]n cases arising under the Federal Lanham Trademark Act, the jurisdiction of state and federal courts is concurrent. There is no language in the Lanham Act which indicates that its remedies can be asserted only in the federal courts."); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 734 (1985) (showing that Oregon state courts adjudicate trademark infringement claims under the Lanham Act). Thus, the court remands Defendant's counterclaim for trademark

OPINION AND ORDER                    10                    {NMS}

infringement to state court along with Plaintiff's breach of contract claim.

II.    Attorney Fees

Plaintiff's request for costs, including attorney fees, due to Defendant's removal is approved. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* Except for claims that implicate civil rights, there is no presumption that fees will be granted. *Id.* at 136-37. The use of the word "may" in § 1447(c) indicates that judicial discretion should be exercised in determining when an award of attorney fees to the prevailing party is appropriate. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

The court approves an award to Plaintiff of reasonable costs, including attorney fees, because Defendant lacked an objectively reasonable basis for removal based on diversity jurisdiction, no unusual circumstances were present at the time of removal, and an award of attorney fees in this case is consistent with the goals of the removal statute. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit" and the removal is ultimately unsuccessful. *Columbia State Bank v. Daybreak Estates, LLC*, No. 10-1284, 2011 WL 832132, at *7 (D. Or. Feb. 9, 2011) (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). Something more, such as a frivolous removal, is required for an award of costs. *Patel v. Del Taco, Inc.*, 446

F.3d 996, 999-1000 (9th Cir. 2006). Whether or not a defendant's basis for removal has been "clearly foreclosed" by case law is relevant to the reasonableness of removal and an award of costs. *Lussier*, 518 F.3d at 1066. An assertion of subject matter jurisdiction based on supplemental jurisdiction in a removal action is one such objectively unreasonable basis for removal. *Patel*, 446 F.3d at 999. Another unreasonable basis for removal is a defendant's claim that co-defendants have been fraudulently joined to an action. *Evitts v. Pitney Bowes*, No. 10-8257, 2011 WL 1211680, at *3 (D. Ariz. Mar. 31, 2011). A defendant's removal based on good faith belief of proper removal or on an issue which neither the Ninth Circuit nor a district court has ruled weighs in favor of a denial of costs. *Columbia State Bank*, 2011 WL 832132, at *7.

Defendant lacked an objectively reasonable basis for asserting diversity because removal based on diversity jurisdiction requires only two conditions be met under § 1332 – amount in controversy and diversity – and, because Plaintiff clearly indicated the amount in controversy in the complaint, Defendant merely had to investigate its own citizenship. Defendant's Notice acknowledged the *Johnson* holding that LLCs and partnerships are citizens of every state where its members reside, yet Defendant submitted declarations that both revealed additional layers of LLCs and partnerships and failed to identify all members' states of citizenship. Defendant was therefore aware that *Johnson* was the controlling law regarding removal for an LLC-defendant, making unavailing Defendant's arguments regarding the sufficiency of its pleading as a complex non-corporate entity. Further, Defendant's arguments are objectively unreasonable considering that both the Ninth Circuit and District of Oregon had both squarely addressed this precise issue in *Kanter*, *Lindley Contours*, and LR 7.1-1. Thus, Defendant's repeated conclusory statements that complete diversity exists between the parties while not knowing its own citizenship is an objectively

unreasonable assertion of subject matter jurisdiction, especially considering that Defendant filed a motion for an extension of time for the purpose of determining its own citizenship over six weeks after Defendant asserted diversity jurisdiction in its Notice.

Even though the court finds that Defendant's removal was objectively unreasonable, the court must consider whether unusual circumstances preclude an award of attorney fees. Unusual circumstances which might lead a judge to deny attorney fees include a "plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Martin,* 546 U.S. at 141. In evaluating unusual circumstances, the court should consider the relevant circumstances surrounding the removal, as well as the purposes of § 1447(c)'s fee provision. *Id.* A plaintiff's nine-month-delay in objecting to defendant's removal is an example of an unusual circumstance that may preclude an award of attorney fees. *Brownlow v. Am. Beef Processing, LLC,* No. 09-1277, 2011 WL 3268340, at *1 (D. Or. June 21, 2011). The court finds that there are no unusual circumstances present that weigh in favor of denying Plaintiff's request for attorney fees. Plaintiff did not fail to disclose facts Defendant needed to determine Defendant's jurisdiction,[3] and Plaintiff did not seek remand after considerable delay.

Finally, an award of attorney fees to Plaintiff would serve the interests of justice. *See Martin,* 546 U.S. at 138 ("Section 1447(c) authorizes courts to award costs and fees, but only when an award

---

[3] Although Plaintiff did not disclose the citizenship of its LLC until filing its Motion to Remand on June 1, 2011, Defendant was still required to discharge its burden for removal based on diversity jurisdiction, even where a plaintiff fails to allege necessary facts for determining diversity jurisdiction. *See Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983) ("[i]t is proper to use the petition for removal to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction. In a case removed based upon diversity, it will frequently be necessary for the defendant to state the facts showing citizenship since it may not appear in the complaint.").

OPINION AND ORDER                    13                    {NMS}

is just."). The district court's discretion in awarding attorney fees should be guided by the goals of Congress in enacting the removal statute and its fee-shifting component: first, to create a right to a federal forum for a class of state-court defendants; second, to limit frivolous and wasteful invocation of that right. *Id.* at 140. In this case, awarding Plaintiff costs for Defendant's failure to thoroughly investigate whether this court has subject matter jurisdiction pursuant to § 1332 is in line with Congress's goal to avoid frivolous removal. Surely, Congress intended to create a right of removal for defendants who investigate their eligibility for removal. Awarding fees to Plaintiff would serve the goals of the removal statute and encourage adequate investigation by litigants as to whether removal from state court is proper.

### Conclusion

Defendant's request for leave to file an amended notice of removal (#20) is DENIED. Plaintiff's Motion to Remand (#8) is GRANTED, although the court retains jurisdiction solely over the attorney fees issue. Plaintiff's petition for reasonable attorney fees is due within thirty days of the date of this order.

DATED this ___8th___ day of November, 2011.

_____
John V. Acosta
United States Magistrate Judge

OPINION AND ORDER                14                {NMS}