UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TRAEGER GRILLS EAST, LLC,

        Plaintiff,

    v.

TRAEGER PELLET GRILLS, LLC, a Florida limited liability company, f/k/a TRAEGER INDUSTRIES, INC.,

        Defendant.

Civ. No. 3:11-CV-536-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

       Plaintiff Traeger Grills East, LLC, ("Plaintiff") filed an action in state court alleging breach of an exclusive distributorship agreement. Defendant Traeger Pellet Grills, LLC, ("Defendant") removed the action to this court alleging the existence of diversity jurisdiction. Plaintiff moved to remand the action back to state court arguing that Defendant failed to meet its burden to show that

complete diversity existed between the parties. Specifically, Plaintiff asserted that Defendant failed to disclose the citizenship of the members, partners, corporations, trusts, LLCs, and partnerships of which Defendant is composed. The court granted Plaintiff's motion to remand and found that Plaintiff was entitled to attorney fees necessarily incurred in seeking remand pursuant to 28 U.S.C. § 1447(c). Plaintiff now requests an award of attorney fees in the amount of $7,961.00 for services rendered in connection with the motion to remand, which includes $1,000 for five hours expended in preparing the petition for attorney fees. Defendant has not filed any opposition to the fee request. The court finds that the fees requested are reasonable and awards Plaintiff $7,961.00 in attorney fees.[1]

*Legal Standard*

Generally, the starting point for determining a reasonable attorney fee amount is the "lodestar" figure, which is the number of hours reasonably incurred in the litigation multiplied by a reasonable hourly rate. *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Harper v. Coldwell Banker Barbara Sue Seal Props.*, No. 06-CV-1457-HU, 2007 WL 1101255, at *2 (D. Or. April 10, 2007)(lodestar used to calculate reasonable attorney fees award under 28 U.S.C. § 1447(c) after matter remanded to state court). The factors a court may consider in determining the "lodestar" include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability'

---

[1] The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors that are applicable must be addressed. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069 (9th Cir. 1983).

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011); *Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc.*, No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (citation omitted). Reasonable time spent in preparing a fee petition is generally recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community" as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984)  The party requesting the fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The best evidence of the prevailing rate in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

There is a strong presumption that the lodestar amount is a reasonable fee. *Gates v.*

PAGE 3 - OPINION AND ORDER                                                                                                    {SIB}

*Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). However, in rare cases, this presumptively reasonable lodestar amount may be adjusted upward or downward on the basis of factors not already subsumed in the lodestar calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996), *amended on other grounds*, 108 F.3d 981 (9th Cir. 1997). The district court has "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada County*, 195 F.3d 524, 526-7 (9th Cir. 1999).

*Discussion*

Steve D. Larson and Keil Mueller represented Plaintiff in its successful attempt to remand this action back to state court. Plaintiff's fee request encompasses 3.7 hours of Larson's time at an hourly billing rate of $370, and 23.3 hours of Mueller's time at an hourly billing rate of $240.00. Additionally, Plaintiff seeks $1,000 in attorney fees for the five hours expended by its attorneys preparing the fee request. This represents an hourly billing rate of $200 per hour.

I.  Reasonable Hourly Rate

Larson is a shareholder in a private firm who has been practicing law for over twenty-five years and has extensive practice litigating commercial disputes. The Oregon State Bar 2007 Economic Survey reveals that the average hourly rate billed by attorneys in private practice in Portland, Oregon, is $244. (Larson Decl. Ex. D at 5). A Portland attorney with twenty-one to thirty years experience bills at an average of $277 per hour, while a Portland attorney specializing in commercial litigation bills at an average of $283 per hour. (Larson Decl. Ex. D at 6-7). Larson's hourly billable rate of $370 per hours falls between the 75th and 95th percentile for attorneys with twenty-one to thirty years experience ($325-$399) and those who are involved in commercial litigation ($337-$436). (Larson Decl. Ex. D at 6-7). The court finds that the hourly billing rate

requested for Larson's services is reasonable in light of his experience, the billing rates of comparable attorneys in the Portland area, and the effect of inflation on the rates contained in the survey conducted by the Oregon State Bar in 2007.

Mueller is an associate with six years of experience in the area of complex business, securities, and financial fraud litigation in Oregon and New York. Mueller's hourly rate of $240 is higher that the average hourly rate of $188 for Portland attorneys with four to six years of experience but virtually equal to the average hourly rate of $239 for Portland attorneys with seven to nine years experience and well below the average hourly rate of $283 for Portland attorneys engaging in commercial litigation. (Larson Decl. Ex. D at 5-7). Even without considering the effect of inflation, the court finds that the hourly rate requested for Mueller's services is reasonable based on the hourly rates charged by attorneys with comparable experience in Portland, Oregon. In light of these findings, the court also determines that the $200 hourly rate for time expended by Plaintiff's counsel in preparing the fee petition is also reasonable.

II. Number of Hours Reasonably Incurred

Larson spent 3.3 hours on the motion to remand, primarily supervising Mueller and communicating with the client, which the court finds to be reasonable. Mueller performed the majority of work researching and writing the motion to remand and supporting pleadings, reading and analyzing Defendant's opposition materials, and researching and writing the reply in support of the motion to remand. Additionally, Mueller drafted the opposition to Defendant's motion for extension of time to respond to the motion to remand, and prepared for and participated in oral argument on Plaintiff's motion to remand. The 23.30 hours expended by Mueller on these matters is also considered reasonable, in light of the time and labor generally required to file, support, and

argue a motion to remand based on the failure to establish full diversity of citizenship.

The court views the five hours expended by counsel in preparing the attorney fee petition to be high based on the absence of any unique issues and the common nature of the pleadings and exhibits. However, because Plaintiff is seeking a reduced rate of $200 for the time spent preparing the petition, the $1000 sum requested is reasonable.

*Conclusion*

Plaintiff's petition for attorney fees is GRANTED and Plaintiff is awarded attorney fees in the requested amount of $7,961.00.

DATED this 13th day of March, 2012.


/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge